**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DANA KOGER, ) | |
| Plaintiff, ) | |
| ) | No. 19-CV-1645 |
| v. ) | |
| ) | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER ) | |
| PALERMO (Star #13482), ) | **JURY DEMANDED** |
| Defendants. ) | |

## CIVIL COMPLAINT

NOW COMES Plaintiff, DANA KOGER, by and through her attorneys, Abby D. Bakos, Brendan Shiller and Mary J. Grieb of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 and Illinois state law to address deprivations of Plaintiff's rights under the Constitution of the United States and torts committed against Plaintiff under Illinois state law.

## JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Plaintiff DANA KOGER is a United States citizen who resides in the Northern District of Illinois.

1

5. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois. The City of Chicago was the public employer of Defendant Officer Palermo at the time of the conduct complained of in the Complaint. At all relevant times thereto, Defendant Officer Palermo was acting under the color of law and within the scope of her employment with Defendant City of Chicago.

6. Defendant Chicago Police Officer Palermo is a present or former employee of the City of Chicago Police Department. Defendant Palermo engaged in the conduct complained of while on duty and in the course and scope of her employment and under the color of law. Defendant Palermo is being sued in her individual capacity.

## BACKGROUND

7. On March 17, 2018, at or near 2051 W. 63rd Street in Chicago, Plaintiff Koger was sitting in her vehicle alone when she was robbed and beaten by three females.

8. Shortly after the attack, several Chicago Police Officers arrived on scene, including Defendant Palermo.

9. Plaintiff repeatedly told the Officers that she was the victim of a robbery and beating.

10. Plaintiff did not hit, punch or verbally threaten Defendant Palermo.

11. In a fit of anger, Defendant Palermo charged at Plaintiff and put Plaintiff in a headlock.

12. At this time, several unknown officers tried to pull Palermo off Plaintiff.

13. Plaintiff had keys in her hand.

14. While one of the officers handcuffed Plaintiff, Palermo ripped Plaintiff's keys out of her hand breaking Plaintiff's finger.

15. Following Plaintiff's arrest, the officers transported Plaintiff to Holy Cross Hospital for medical treatment.

16. Following Plaintiff's release from custody, Plaintiff received medical treatment for her

broken finger at St. Mary's Hospital in Chicago.

17. As a result of the subject incident, Plaintiff endured physical and emotional pain and suffering, and incurred medical bills.

## CLAIM I
### 42 U.S.C. § 1983 - Excessive Force
### Against Defendant Palermo

18. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

19. By charging at Plaintiff, putting Plaintiff in a headlock and then ripping Plaintiff's keys out of her hand and causing Plaintiff's finger to break, Defendant Palermo inflicted violence upon Plaintiff that was excessive, unnecessary, and disproportionate to the need for action under the circumstances.

20. Defendant Palermo was acting under color of state law.

21. As a result of the excessive force inflicted by Defendant Palermo, Plaintiff sustained physical injuries as well as emotional damages and pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Palermo for compensatory damages, punitive damages, attorneys' fees, costs, and such other and additional relief as this Court deems equitable and just.

## CLAIM II
### State Claim-Battery
### Against All Defendant City of Chicago

22. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

23. Without the consent of Plaintiff, Defendant Palermo intentionally, harmfully, and offensively touched her.

24. Plaintiff was damaged by this intentional and unauthorized touching.

25. Defendant Palermo's conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

26. The misconduct was undertaken by Defendant Palermo was within the scope of her employment and under the color of law such that her employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs, and such other and additional relief as this Court deems equitable and just.

## CLAIM III
### State Claim- Assault
### Against All Defendants

27. Plaintiff re-alleges and incorporate all of the allegations in the preceding paragraphs.

28. Plaintiff Palermo was in imminent danger of being battered by Defendant Palermo.

29. Defendant Palermo's conduct that resulted in these assaults was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

30. Defendant Palermo was within the scope of her employment and under the color of law at the time of the assault such that her employer, Defendant City of Chicago, is liable for Palermo's actions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## CLAIM IV
### Indemnity Claim – 745 ILCS 10/9-102
### Against the City of Chicago

31. Plaintiff re-alleges and incorporate all of the allegations in the preceding paragraphs.

32. Defendant City of Chicago is the employer of Defendant Palermo.

33. Defendant Palermo committed the acts alleged above under color of law and in the scope of her employment as an employee of the City of Chicago.

34. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

35. As a proximate cause of Defendant Palermo's unlawful acts, which occurred within the scope of her employment activities, Plaintiff suffered emotional and physical injuries.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs and such other additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

DANA KOGER

By one of HER attorneys:
/s/ Abby D. Bakos
Abby D. Bakos

Shiller*Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590